Margaret A. JONES
and Lonnie C. Jones,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4422)

Trial was held November 15, 1999, in the courtroom of the Oregon Tax Court, Salem.

Margaret A. Jones argued the cause for Plaintiffs (taxpayers) *pro se*.

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for Defendant rendered January 12, 2000.

**CARL N. BYERS, Judge.**

Plaintiffs (taxpayers) appeal from a magistrate Decision denying their claim for refund. Taxpayers contend that the amount in question is not a tax refund but money that Defendant Department of Revenue (the department) should have returned earlier. Trial was held November 15, 1999, in the courtroom of the Oregon Tax Court, Salem. Margaret Jones appeared by telephone.

## FACTS

Margaret Jones testified that her widowed mother and her husband's widowed mother both died in 1993. Dealing with their mothers' estates was emotionally upsetting

and demanded significant time and energy. As a result of their mothers' deaths, each taxpayer inherited significant assets. Taxpayers were not knowledgeable about tax laws and anticipated that they might owe some taxes on their inheritances.

On April 12, 1994, taxpayers' accountant applied for an extension of time to file their 1993 Oregon personal income tax return. That application for extension was accompanied by a check in the amount of $8,500, payable to the department and drawn on the account of Margaret Jones. The name of Lonnie Cy Jones was written in the memo area of the check, together with his social security number. Taxpayers signed their 1993 income tax return on August 11, 1994, and the return was filed on August 16, 1994. That return showed the $8,500 as an estimated tax payment. The total tax owing for 1993 was $10,176, so the taxpayers accompanied their return with another check for $1,676, paying the tax in full.

On September 15, 1994, Margaret Jones sent another check to the department, this time in the amount of $10,000. Again, the name of Lonnie Cy Jones and his social security number were inserted in the memo area. Taxpayers sent no documents with this check. The department received the check, cashed it, and held the funds as credited to taxpayers' account.

Margaret Jones testified that their mothers' deaths required her and her husband to travel to and from Idaho several times for administration of the estates. In addition, Margaret Jones sold a health-food store, which she had operated on the Oregon coast for 20 years. That sale took more time and attention than anticipated. Also, during 1995, 1996, and 1997, most of taxpayers' records were in storage and unavailable to them.

Due to those circumstances, taxpayers did not file their 1994 income tax return until August 1998. As filed, taxpayers' 1994 income tax return shows gross income of $65,725 and itemized deductions of $82,647, resulting in zero tax owing. The return also shows $10,000 in estimated tax payment credits and directs that the refund of the $10,000 be applied to taxpayers' 1995 tax year liability.

## ISSUE

Are taxpayers entitled to a refund of the $10,000?

## ANALYSIS

Income tax refunds are governed by ORS 314.415(1).[1] That statute imposes time limits as follows:

> "(b)  No refund shall be allowed or made after three years from the time the return was filed, or two years from the time the tax or a portion thereof was paid, whichever period expires the later, unless before the expiration of such period a claim for refund is filed by the taxpayer in compliance with ORS 305.270, nor shall a refund claimed on an original return be allowed or made in any case unless the return is filed within three years of the due date, excluding extensions, of the return in respect of which the tax might have been credited. If a refund is disallowed for the tax year during which excess tax was paid for any reason set forth in this paragraph, the excess shall not be allowed as a credit against any tax occurring on a return filed for a subsequent year. If the tax owed after offsets for all amounts owed the state is less than $5, no refund shall be made."

Under the facts established by taxpayers' own testimony, their 1994 income tax return was filed more than three years after the due date; therefore, no refund or credit may issue.

Taxpayers' primary argument is that the amount involved is not a tax and therefore is not governed by refund statutes.[2] However, the court finds two major problems with taxpayers' characterization of the amount involved. First, the very reason taxpayers sent the money to the department was because taxpayers anticipated that they would owe taxes. The check included the name of Lonnie Cy Jones and his social security number with the intent that the department identify this payment as being connected with his tax account.

---

[1] All references to the Oregon Revised Statutes are to 1997.

[2] If the court found that the amount involved was not a tax refund and not governed by the tax laws, the court would have no jurisdiction over this matter and could not grant taxpayers any relief. *See* ORS 305.410.

Margaret Jones argues that the department should have looked to see if any taxes were owing and, if none, the department should have returned the amount to taxpayers. However, that position is not consistent with the facts. Taxpayers had paid their 1993 liability in full in August 1994 when they filed their 1993 return. Consequently, they knew on September 15, 1994, when they sent the department $10,000, that there were no taxes owing. Therefore, taxpayers appear to have intended the amount to be applied as an estimated payment for 1994. Certainly with a check payable to the department, the only reasonable assumption is that it was intended as payment of a past, present, or future tax liability.

Second, taxpayers themselves have characterized the amount as a "tax" payment. When taxpayers filed their 1994 return, they treated the $10,000 payment as estimated tax paid. If taxpayers truly believed that the amount was not an estimated tax payment, they would have asked the department to return the amount in some other way. They did not do so. Instead, they signed a return, under oath, indicating that the amount was an estimated tax payment for which they sought a refund.

The court is mystified as to why experienced business people with access to professional advisors would decide to send a check to a tax department without a single word of explanation or instruction. It is also a mystery why such a large amount would be left on deposit with the department when taxpayers must have known as early as 1996 or 1997 that no taxes would be due. While the court has great sympathy for taxpayers, their claim is governed by laws. The court is duty bound to uphold those laws.

The overwhelming evidence indicates that the $10,000 paid to the department was an estimated tax payment. Under the applicable laws, taxpayers were obligated to file a claim for refund within the time limits allowed. Their failure to do so affords the court no alternative but to deny their claim for refund. Costs to neither party.