IN THE OREGON TAX COURT
REGULAR DIVISION

Lonnie Cy JONES
and Margaret Ann Jones,
*Plaintiffs,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant.*

(TC 4685)

Lonnie Cy Jones and Margaret Ann Jones, Plaintiffs (taxpayers) argued the cause *pro se.*

Douglas M. Adair, Assistant Attorney General, Department of Justice, Salem, argued the cause for Defendant (the department).

Decision for the department rendered December 7, 2004.

**HENRY C. BREITHAUPT, Judge.**

### I. INTRODUCTION

This matter comes before the court on a motion for summary judgment filed by the Defendant Department of Revenue (the department).

### II. FACTS[1]

In 1994, Plaintiffs (taxpayers), anticipating they would have a future Oregon income tax liability, made a

---

[1] The facts in the first two paragraphs of this section are a summary of the findings in *Jones v. Dept. of Rev.*, 15 OTR 92, 93 (2000).

$10,000 payment to the department. Taxpayers did not file a tax return for the 1994 tax year until August 1998. On that return taxpayers showed no tax due, characterized the $10,000 payment as an estimated tax payment credit, made a claim for refund of the $10,000 payment, and requested that refund be applied to their tax liability for 1995. The department denied the claim for refund.

Taxpayers then filed an appeal in this court. The Magistrate Division decided against taxpayers and they appealed to this division. In this division the parties presented the question of the character of the $10,000 payment. This court addressed the nature of that payment, stating that "[t]he overwhelming evidence indicates that the $10,000 paid to the department was an estimated tax payment." *Jones v. Dept. of Rev.*, 15 OTR 92, 95 (2000) (*Jones I*). Having concluded that the payment was a payment of estimated tax, this court then held that the claim for refund was time barred under ORS 314.415(1),[2] because the claim was not made by April 15, 1998, the last date to claim a refund for the 1994 income tax year.

This case involves the 1995 and 1996 income tax years of the taxpayers. Taxpayers claim they are entitled to have the $10,000 payment that they made in 1994 credited against their liability for 1995 and 1996, with any excess refunded.

## III.  ISSUE

Does this court's decision and judgment in the prior litigation preclude relitigation of the issue of the status of the taxpayers' 1994 payment?

## IV.  ANALYSIS

The department's Motion for Summary Judgment is based on its view that the taxpayers are precluded from again litigating the issue of the status of the 1994 payment and the legal consequences set forth in this court's prior decision. Taxpayers disagree.

---

[2] All references to the Oregon Revised Statutes (ORS) are to 1997, unless otherwise stated.

The Oregon Supreme Court has discussed issue preclusion as follows:

"If one tribunal has decided an issue, the decision on that issue may preclude relitigation of the issue in another proceeding if five requirements are met:

"1.   The issue in the two proceedings is identical.

"2.   The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.

"3.   The party sought to be precluded has had a full and fair opportunity to be heard on that issue.

"4.   The party sought to be precluded was a party or was in privity with a party to the prior proceeding.

"5.   The prior proceeding was the type of proceeding to which this court will give preclusive effect."

*Washington Cty. Police Officers v. Washington Cty.*, 321 Or 430, 435, 900 P2d 483 (1995) (internal quotations and citations omitted).

Taxpayers argue that preclusive effect does not exist here because the prior decision dealt with 1994 income tax liability and this case relates to 1995 and 1996 income tax liabilities. Taxpayers conclude that the issues in *Jones I* were therefore not the same as in this proceeding.[3] Taxpayers have misapplied the teaching of *Washington Cty. Police Officers*. The important point in the analysis is not whether the liability for a later year is or is not the same issue as liability for an earlier year; rather, the question is whether the issue of the character of the 1994 payment as a payment of tax was present and decided in the former case. It was. This court decided that the 1994 payment was a payment of tax made in 1994. *Jones I*, 15 OTR at 95. That decision was essential to the outcome of the prior proceeding. As the court noted in *Jones I*, if the payment was not a payment of tax, the court would have had no jurisdiction. The court concludes, therefore, that the finding as to the character of the 1994 payment has preclusive effect here.

---

[3] Taxpayers make no claim that other elements of the five-part test are not met and the court believes that they have been met.

## V. CONCLUSION

Taxpayers are prevented from receiving, with respect to the 1994 estimated tax payment of $10,000, any refund or credit against tax liability for the 1995 or 1996 income tax years. A refund of such payment was denied in *Jones I* and having been denied, no credit could be given in those later years for such payment by reason of the provisions of ORS 314.415(1). Taxpayers have raised no other matters in their appeal to this court for the years in question here. Now, therefore,

IT IS ORDERED that Defendant's Motion for Summary Judgment is granted.

Costs to Defendant.