DECISION
Plaintiffs appeal from a Conference Decision Letter (CDL) issued by Defendant on March 31, 2009. Plaintiffs timely appealed, requesting a refund of an alleged overpayment in the amount of $4,111 for the 2004 tax year. The court heard the matter on October 12, 2009, at a case management hearing.
Plaintiffs agree that there 2004 return was not filed until September 2008. The return showed an overpayment of $4,111. Defendant issued a Notice of Proposed Refund Adjustment on September 18, 2008, denying the refund, which Plaintiffs had requested be applied as an estimated tax payment for tax year 2005. In their appeal to the Tax Court, Plaintiffs asked that the court order a refund of the alleged $4,111 overpayment.
Defendant's CDL provides a fairly comprehensive explanation of the statutory limitations on refund requests provided in ORS 314.415(2).[1]
As the CDL explains, under the statute, "if the original return is not filed within three years of the due date, excluding extensions, of the return, the department may allow or make a refund only of amounts paid within two years from the date of the filing of the claim for refund." ORS 314.415(2)(a). Moreover, the statute further provides that "[i]f a refund is disallowed for the tax year during which excess tax was paid for any reason *Page 2 
set forth in this subsection, the department may not allow the excess as a credit against any tax occurring on a return filed for a subsequent year." Id. Plaintiffs did not file a 2004 return until September 2008. The due date for the 2004 return was April 15, 2005.
Under the statute, as explained in the CDL, the Department of Revenue (Department) can neither refund nor credit any excess tax paid on an original return filed more than three years after the due date. Plaintiffs in this case readily acknowledge that they did not file their original 2004 tax return until more than three years after the April 15, 2005, filing deadline for that return. That being the case, the statute precludes Plaintiffs' requested refund. The court has no broader authority than the Department.
Plaintiffs insist that the statute is a "bad law," and that it "takes advantage of good taxpayers." Plaintiffs argue that the state should not be able to simply take a taxpayer's refund. Plaintiffs further argue that "criminals make deals all the time" and that taxpayers who don't owe any money should be able to receive a refund of excess taxes paid, notwithstanding the fact that the return is filed years after it was due. For its part, Defendant reiterated that the statute precludes the refund and further noted that it had never made a determination of whether the $4,111 overpayment Plaintiffs reported on their untimely 2004 return was accurate. The requested refund was simply denied as untimely, without any review of the accuracy of the return.
This court has issued numerous decisions denying requests for refunds on facts similar to those in this case, where an original return is filed more than three years after the due date. Many of those decisions are cited in Defendant's CDL. One particularly compelling case, not cited in the CDL, is Jones v. Dept. of Rev., 15 OTR 92 (2000). In Jones, taxpayers sent a check in the amount of $10,000 to the Department in September 1994. The check was not accompanied by a return or any other written instructions or payment coupons. Taxpayers did *Page 3 
not file their 1994 Oregon return until August 1998, approximately four months after the three year deadline for requesting refunds provided in ORS 314.415. Id. at 93. The return showed no tax owing and taxpayers requested that the $10,000 be refunded. Taxpayers presented extenuating circumstances to excuse their untimely filing of their 1994 return. In denying the taxpayers' refund request, the court concluded that "[u]nder the applicable laws [ORS 314.415], taxpayers were obligated to file a claim for refund within the time limits allowed." Id. at 95. There have been no material changes to the refund statute — ORS 314.415 — since that decision was rendered.
Sadly, this scenario is not uncommon. The legislature is no doubt aware of the situation. The statute has existed for years and the legislature has had ample opportunity to change the law to allow for such refunds, if it deemed such relief prudent. No doubt one of the reasons for denying refunds associated with returns filed more than three years after the due date is that the legislature desires to provide some incentive for taxpayers to file their returns within a reasonable time of the due date, preferably before the deadline, but certainly within three years thereof. Now, therefore, *Page 4 
IT IS THE DECISION OF THIS COURT that Plaintiffs' request for a refund is denied because their 2004 state tax return was not filed until more than three years after the due date of that return and, under ORS 314.415(2)(a), they are not entitled to a refund.
Dated this ___day of November 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on November 13,2009. The Court filed and entered this document on November 13, 2009.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007. *Page 1